UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID B. LUNTSFORD,                  )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        No. 3:15-CV-397-CCS
                                     )
NANCY A. BERRYHILL,[1]               )
Acting Commissioner of Social Security, )
                                     )
            Defendant.               )

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the

Federal Rules of Civil Procedure, and the consent of the parties [Doc. 11]. Now before the Court

is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Doc. 13] and the

Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15]. David

B. Luntsford ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge

("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of

Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the

Plaintiff's motion, and **GRANT** the Commissioner's motion.

## I.     Procedural History

On March 29, 2012, the Plaintiff filed an application for disability insurance benefits

("DIB") and supplemental security income ("SSI"), claiming a period of disability which began

February 28, 2003. [Tr. 158-73]. After his application was denied initially and upon

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner
Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is
substituted as the Defendant in this case.

reconsideration, the Plaintiff requested a hearing before an ALJ. [Tr. 114]. A hearing was held before the ALJ on March 12, 2014. [Tr. 24-55]. On May 28, 2014, the ALJ found that the Plaintiff was not disabled. [Tr. 7-23]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-5]; thus, the ALJ's decision became the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff filed a Complaint with this Court on September 8, 2015, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.    STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner and whether the ALJ's findings are supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the

Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## III.    ANALYSIS

This case involves an application for DIB and SSI. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1). To qualify for SSI benefits, an individual must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see* 20 C.F.R. §§ 404.1505(a), 415.905(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

    1. If claimant is doing substantial gainful activity, he is not disabled.

    2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

    3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

    4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

    5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Id.* The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

On appeal, the Plaintiff alleges that substantial evidence does not support the ALJ's RFC determination. [Doc. 13 at 3-5]. The Plaintiff submits that the ALJ failed to properly consider the medial evidence of record and that new evidence exists that undermines the ALJ's decision. [*Id.* at 4-5]. As a result, the Plaintiff contends that the ALJ relied on his own suspicions rather than the evidence of record. [*Id.* at 5]. In addition, the Plaintiff contends that the limitations posed to the vocational expert ("VE") differ from the limitations included in the Plaintiff's RFC. [*Id.* at

4].[2]

In the disability determination, the ALJ found that the Plaintiff's schizoaffective disorder was a severe impairment under agency regulations. [Tr. 12]. The ALJ then concluded that the Plaintiff had the RFC to perform a full range of work at all exertional levels but had the following nonexertional limitations: (1) the Plaintiff can perform simple and detailed tasks over a full workweek; (2) he can maintain concentration, persistence, and pace for low-level detailed tasks; (3) he can interact infrequently, or on a one-on-one basis, with the general public as well as meet basic social demands in a work setting; and (4) he can adapt to gradual or infrequent changes in the workplace. [Tr. 14]. In reaching this conclusion, the ALJ discussed mental health treatment records, including those from the Plaintiff's treating psychiatrist, Cherokee Health Systems, and the medical opinions of nonexamining state agency psychological examiners, the Plaintiff's poor work history, and activities of daily living. [Tr. 14-16]. Relying on VE testimony, the ALJ then determined at step five that the Plaintiff could perform other jobs in the national economy, including hand packager, a material handler, and a production worker. [Tr. 17].

"The determination of a claimant's [RFC] is a determination based upon the severity of his medical and mental impairments." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies

---

[2] The Plaintiff cites additional errors, including that "[t]he record was not fully developed and the Plaintiff's impairments should have been considered in light of vocational testimony." [Doc. 13 at 5]. However, the Plaintiff does not develop these arguments any further beyond his blanket assertions. Therefore, the Court finds them waived. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). Therefore, "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. Feb. 9, 2007).

The ALJ is responsible for making an RFC determination after reviewing all the relevant evidence in the record. *Rudd v. Comm'r of Soc. Sec.*, No. 12-6136, 2013 WL 4767020, at *8 (6th Cir. Sept. 5, 2013). This includes a review of both medical and non-medical evidence. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. Aug. 18, 2009). A court will not disturb an ALJ's RFC determination so long as the finding is supported by substantial evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

The Court finds that substantial evidence supports the ALJ's RFC determination. As observed by the ALJ, the medial evidence demonstrates that the Plaintiff responded well to treatment and his symptoms were controlled with medication. [Tr. 15]. "Notably, impairments that are controlled by medication are not disabling." *Burney v. Comm'r of Soc. Sec.*, No. 12-CV-10151, 2013 WL 1289310, at *3 (E.D. Mich. Mar. 28, 2013) (citing *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 836 (6th Cir. 2005). The Plaintiff received mediation management from his treating psychiatrist who, in January 2010, noted that the Plaintiff had positive symptom control with Lithium, and the Plaintiff reported stability in his mental health with continued usage. [Tr. 319]. Treatment notes from Cherokee Health Systems likewise demonstrate positive results with medication. [Tr. 323-33, 619, 621, 624, 628, 631, 637, 647, 649]. For example, in March 2012, the Plaintiff reported symptoms of bipolar disorder I and was assessed with a global assessment of functioning ("GAF") score of 50 [Tr. 328, 330], indicating serious impairments in social or

occupational functioning, Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* ("*DSM-IV*") 34, 4th ed. (revised) 2000. However, after one month of treatment in which his medication was stabilized, the Plaintiff showed improvement and was assessed with a GAF of 60 [Tr. 332-33], indicating moderate impairments in social or occupational functioning, *DSM-IV* at 34. The Plaintiff continued medication management and counseling with Cherokee Health Systems through May 2014 where his GAF score remained at 60. [Tr. 383-88, 618-630].

The ALJ also properly relied on non-medical evidence, including the Plaintiff's work history and daily living activities. In this regard the ALJ observed that the Plaintiff worked sporadically and only at substantial gainful activity levels in 1999 and 2000. [Tr. 16]. A claimant's work history is an appropriate factor that may be weighed in assessing credibility. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Additionally, the ALJ noted that in 2010 and 2011, the Plaintiff ran a successful pet-sitting business in Canada, earning $20,000 which was considered personal income. [Tr. 16]. While the Plaintiff testified he ended his businesses due to issues with being around others, the ALJ observed that the Plaintiff's ability to acquire clients, interact with them, manage income and expenses, and generally function around other individual for businesses purposes over a two year period after his alleged onset date, undermined the severity of the Plaintiff's mental limitations. The Court finds that "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531.

The ALJ assigned "great weight" to the Plaintiff's GAF scores, finding that the scores were consistent with other evidence which illustrated that the Plaintiff's symptom's quickly improved and were adequately controlled when he was compliant with his medication regimen. [Tr. 15]. The ALJ also assigned "great weight" to the medical opinions of two nonexamining state agency

psychological examiners who opined in May 2012 and August 2012, functional limitations consistent with the Plaintiff's RFC.  [Tr. 15, 73, 98].

The Plaintiff cites to his GAF score of 50 to suggest that the ALJ did not properly consider the Plaintiff's nonexertional limitations.  [Doc. 13 at 4].  The ALJ, however, is not required to put stock in a single GAF score assigned during a one-time visit.  *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 511 (6th Cir. 2006) ("[W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place.").  Indeed, the Plaintiff's GAF score of 50 is not representative of his level of functioning as the Plaintiff was assigned a GAF score of 60 one month later and throughout his course of treatment.  Therefore, the ALJ properly considered the evidentiary value of the Plaintiff's GAF scores.

The Plaintiff also cites to a Competency and Criminal Responsibility report submitted as an exhibit to his brief in which a psychological evaluation was conducted in connection to criminal charges the Plaintiff obtained in Kentucky.  [Doc. 16-1].  The Plaintiff argues that the report "is extensive and illuminating in that it shows a strong diagnosis for schizoaffective disorder, borderline and antisocial personality traits, and history of cannabis use disorder."  [Doc. 13 at 4-5].  The Court, however, is prohibited from considering this "new" evidence in its substantive review of the ALJ's decision as the evidence was not before the ALJ.  Instead, the Court may "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding."  *Id.* (citation omitted).  The proponent of the new evidence bears the burden of proving all three elements.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 589 (6th Cir. 2005).  The Plaintiff, however, has made no showing that the report is new, material, or that good cause exists.  Accordingly, the Court declines to find that a sentence six remand is appropriate in

this case.

Nor is the Court persuaded by the Plaintiff's contention that substantial evidence does not support the ALJ's reliance on VE testimony that other jobs exist in the national economy that the Plaintiff can perform given his RFC and other vocational factors. [Doc. 13 at 4]. In this regard, the Plaintiff argues that the limitations offered by the nonexamining state agency psychological examiners, which limitations the ALJ incorporated into the Plaintiff's RFC, were not the same limitations the ALJ posed to the VE when ask whether other work existed in the national economy that the Plaintiff could perform. [Doc. 13 at 4]. The Court finds that the hypothetical question posed to the VE included identical limitations as those assessed by the state agency psychological examiners except that the hypothetical question was more restrictive as to abilities in social functioning. Whereas the state agency psychological examiners opined that the Plaintiff could "*interact infrequently or one-on-one with the general public and meet basic social demands in a work setting*" [Tr. 73, 98], the ALJ asked the VE to assume that the Plaintiff could "*interact occasionally with coworkers and supervisors, but he should have no interaction with the general public*" [Tr. 52] (emphasis added). Because the VE testified that other work existed that the Plaintiff could perform notwithstanding greater restrictions in social functioning, substantial evidence supports a finding that the Plaintiff can perform the same jobs with the less restrictive social limitations included in his RFC. *See Conley v. Colvin*, No. 7:13-CV-121-JMH, 2016 WL 867117, at *5 (E.D. Ky. Mar. 2, 2016) (observing that the greater standing and walking limitations posed to the VE than incorporated in the plaintiff's RFC "would not be reversible error, since the hypothetical question posed to the VE is more limiting and, thus, any jobs identified would necessarily fit within the broader range of work in the RFC identified in the written decision."); *see also Powers v. Comm'r of Soc. Sec.*, No. 13-10575, 2014 WL 861541, at *5 (E.D. Mich. Mar.

5, 2014) ("Notably, an ALJ typically asks hypothetical questions that are more limiting than the plaintiff's ultimate RFC because the ALJ needs a broad basis under which to make a determination.").

Accordingly, the Court finds that the ALJ's RFC determination, as well as the hypothetical question posed to the VE, are supported by the substantial evidence, and the Plaintiff's arguments to the contrary are without merit.

## VI.     CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Summary Judgment [**Doc. 13**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 14**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**.

**ORDER ACCORDINGLY**.

_____s/ C. Clifford Shirley, Jr._____
United States Magistrate Judge